IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MEGAN TURNER<br>12336 Branner Place, Apt 204<br>Chester, VA 23836<br><br>    Plaintiff,<br><br>vs.<br><br>C&M RENOVATIONS, LLC d/b/a CMR<br>OUTDOOR LIVING<br>6203 Snider Road<br>Mason, OH 45040<br><br>and<br><br>CRAIG EVERT<br>5134 Hancock Court<br>Mason, OH 45040<br><br>and<br><br>JOHN/JANE DOE 1-4<br><br>    Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT**<br>*(Jury Demand Endorsed Hereon)* |

NOW COMES Plaintiff, Megan Turner, ("Plaintiff") by and through undersigned counsel, and for her Complaint against Defendants C&M Renovations LLC d/b/a CMR Outdoor Living ("CMR") and Craig Evert ("Evert") (collectively "Defendants") hereby state as follows:

**THE PARTIES**

1. Plaintiff, Megan Turner, is a citizen of the State of Ohio, residing in Lebanon, Ohio. Ms. Turner is a "person" and an "employee" as those terms are defined under 42 U.S.C. § 2000e and O.R.C. § 4112.01. Ms. Turner is, and was at all times relevant herein, a woman.

1

2. Defendant CMR is an Ohio limited liability company with its principal place of business in Mason, Ohio. CMR is a "person" and an "employer" as those terms are defined under 42 U.S.C. § 2000e and O.R.C. § 4112.01.

3. Defendant Craig Evert is a citizen of the State of Ohio, residing in Mason, Ohio. Evert is a "person" as that term is defined under O.R.C. § 4112.01.

4. Defendants John/Jane Doe 1-4 are individuals whose identity is not currently known, but who are believed to be citizens of the State of Ohio and are a "person" as that term is defined under O.R.C. §4112.01.

## VENUE AND JURISDICTION

5. This Court has jurisdiction of Plaintiff's claims in this matter pursuant to 28 U.S.C. § 1331, as this matter involves a federal question, namely *quid pro quo* and hostile work environment sexual harassment in violation of 42 U.S.C. § 2000 et seq.

6. This Court has jurisdiction of Plaintiff's claims on the basis that the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §1332.

7. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as well as the local rules of this Court because a substantial part of the events and activity giving rise to Plaintiff's claim for relief occurred within this judicial district.

## FACTUAL ALLEGATIONS

9. Plaintiff was hired by Defendant CMR as an office manager on May 27, 2022, after interviewing with Defendant Evert and his wife Carrie Evert.

10. Plaintiff was a single mother struggling financially for the majority of her employment at CMR, a fact that Evert exploited.

11. CMR, owned by Defendant Evert and his wife Carrie Evert, is a residential construction company.

12. Defendant Evert was Plaintiff's supervisor throughout her employment.

13. In mid-July 2022, Defendant Evert aided Plaintiff in finding a new apartment.

14. Defendant Evert leveraged his personal connection with Michelle Sloan, an owner of an apartment building, such that Plaintiff was able to sign a lease at the SSH Lebanon property at 212 Rose Marie Drive in Lebanon, Ohio.

15. Defendant Evert accompanied Plaintiff to tour the apartment before she moved in. There, he touched her inappropriately for the first time.

16. At the request of, or as a favor to Evert, SSH Lebanon and Sloan waived the security deposit and allowed Plaintiff to move into the apartment before the lease start date.

17. Plaintiff moved into the 212 Rose Marie apartment on July 21, 2022.

18. Shortly after assisting Plaintiff in finding housing and avoiding an expensive security deposit, Defendant Evert began sending Plaintiff sexually harassing text messages.

19. From June 2022 until Plaintiff's constructive discharge on November 2, 2022, Defendant Evert tracked Plaintiff's location outside of working hours by way of her CMR-issued cell phone and AirPods, and harassed Plaintiff based on the information gathered during this surveillance.

20. From July 2022 until her constructive discharge on November 2, 2022, Plaintiff was subjected to unlawful sexual harassment by way of unwelcomed physical contact, including groping, by Defendant Evert in the workplace.

21. Beginning in July 2022, Defendant Evert sent Plaintiff sexually explicit text messages, including nude photos of himself, on an almost daily basis and demanded she send him nude photos of herself in return.

22. When Plaintiff refused to send Defendant Evert nude photos of herself, he threatened to terminate her employment.

23. On or around July 26, 2022, Defendant Evert sexually assaulted Plaintiff.

24. On or around August 3, 2022, Defendant Evert directed Plaintiff to go to CMR's new building and take marketing photos and led Plaintiff to believe other individuals would be present.

25. When Plaintiff arrived, Defendant Evert was the only person there and again he sexually assaulted Plaintiff.

26. Throughout Plaintiff's employment, Defendant Evert paid Plaintiff significant bonuses and cash payment as *quid pro quo* for Defendant Evert sexually harassing and assaulting Plaintiff.

27. Throughout Plaintiff's employment, Defendant Evert subjected Plaintiff to adverse employment actions when Plaintiff objected to the unlawful sexual harassment and assault perpetrated by Defendant Evert in the forms of verbal discipline, reassignment of work, intimidation and harassment, and threats of termination.

28. On October 14, 2022, Plaintiff told Defendant Evert in writing to stop texting her, stop sending her sexually explicit messages and photos, and to stop touching her.

29. Despite Plaintiff's objections, Defendant Evert continued to sexually harass Plaintiff in the workplace.

30. On November 2, 2022, Defendant Evert threatened Plaintiff that she would "regret it," if she told anyone that Defendant Evert "raped" her.

31. Consequently, Plaintiff was constructively discharged on November 2, 2022.

32. Plaintiff timely filed a charge of discrimination with the Ohio Civil Rights Commission, pursuant to O.R.C. §§ 4112.051 and 4112.052. Plaintiff received a Notice of Right to Sue, issued on April 6, 2023. The EEOC has not yet issued a Notice of Right to Sue, but it is anticipated that the EEOC Notice of Right to Sue will be received shortly. All prerequisites to filing suit under O.R.C. § 4112.052 and 42 U.S.C. §2000e have been satisfied.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 2000 ET. SEQ.
### (CMR Only)

33. The preceding allegations are incorporated by reference as if fully written herein.

34. Plaintiff is, and at all times was, a woman and therefore within a protected class.

35. Defendant CMR, through Evert, subjected Plaintiff to unwelcome discrimination and harassment based on sex.

36. Evert repeatedly demanded sexual acts from Plaintiff and promised benefits for compliance.

37. Evert repeatedly demanded sexual acts from Plaintiff and threatened harm and/or adverse employment actions for failure to comply.

38. On various occasions Evert's promises culminated in material benefits for Plaintiff's unwilling compliance.

39. On various occasions Evert's threats culminated in tangible employment action for Plaintiff's refusal to comply.

5

40. Plaintiff objected to the demands for sexual favors on more than one occasion, but the harassment continued.

41. Plaintiff objected to the discriminatory and harassing conduct on more than one occasion, but the conduct continued.

42. After Plaintiff refused to continue complying with Evert's demands for sexual favors, the physical harassing conduct continued and escalated.

43. The frequency and severity of the harassing conduct created a hostile work environment.

44. Defendant CMR was aware Plaintiff was subjected, and objected, to the harassing conduct.

45. Defendant CMR is vicariously liable for Evert's actions because the threats and promises culminated in tangible employment action and Plaintiff unwillingly complied.

46. Defendant failed to exercise reasonable care to prevent and correct the harassing conduct and is, thus, liable for such.

47. Defendant CMR, through its Owner Defendant Evert, subjected Plaintiff to severe and pervasive sexual harassment in return for promised benefits for compliance and silence.

48. Defendant CMR, through its Owner Defendant Evert, subjected Plaintiff to severe and pervasive sexual harassment and threatened to, and did, take adverse employment action if Plaintiff objected.

49. Defendant CMR, through its Owner Defendant Evert, subjected Plaintiff to unwelcomed sexual harassment based on her sex.

50. Defendant CMR, through its Owner Defendant Evert, subjected Plaintiff to *quid pro quo* harassment based on sex.

51. The frequency and severity of the harassment created an objectively and subjectively sexually hostile and abusive work environment.

52. Defendant CMR failed to exercise reasonable care to prevent and correct the harassing conduct and is, thus, liable for Defendant Evert's conduct.

53. Defendants' conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq.

54. Defendants intentionally, willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under Title VII.

55. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and will continue to suffer, economic and non-economic damages for which Defendants are liable, including, but not limited to, pain and suffering, emotional distress, and loss of past and future salary, wages, benefits, and other privileges and conditions of employment, and for past and future economic and non-economic compensatory damages, attorney's fees, expert fees, costs, interest, and any equitable relief this Court deems appropriate.

## COUNT II
## SEXUAL HARASSMENT IN VIOLATION OF O.R.C. § 4112 ET. SEQ.

56. The preceding allegations are incorporated by reference as if fully written herein.

57. Plaintiff is, and at all times was, a woman and therefore within a protected class.

58. Defendant CMR, through Evert, subjected Plaintiff to unwelcome discrimination and harassment based on sex.

59. Evert repeatedly demanded sexual acts from Plaintiff and promised benefits for compliance.

60. Evert repeatedly demanded sexual acts from Plaintiff and threatened harm and/or adverse employment actions for failure to comply.

7

61. On various occasions Evert's promises culminated in material benefits for Plaintiff's unwilling compliance.

62. On various occasions Evert's threats culminated in tangible employment action for Plaintiff's refusal to comply.

63. Plaintiff objected to the demands for sexual favors on more than one occasion, but the harassment continued.

64. Plaintiff objected to the discriminatory and harassing conduct on more than one occasion, but the conduct continued.

65. After Plaintiff refused to continue complying with Evert's demands for sexual favors, the physical harassing conduct continued and escalated.

66. The frequency and severity of the harassing conduct created a hostile work environment.

67. Defendant CMR was aware Plaintiff was subjected, and objected, to the harassing conduct.

68. Defendant CMR is vicariously liable for Evert's actions because the threats and promises culminated in tangible employment action and Plaintiff unwillingly complied.

69. Defendant failed to exercise reasonable care to prevent and correct the harassing conduct and is, thus, liable for such.

70. Defendant CMR, through its Owner Defendant Evert, subjected Plaintiff to severe and pervasive sexual harassment in return for promised benefits for compliance and silence.

71. Defendant CMR, through its Owner Defendant Evert, subjected Plaintiff to severe and pervasive sexual harassment and threatened to, and did, take adverse employment action if Plaintiff objected.

72. Defendant CMR, through its Owner Defendant Evert, subjected Plaintiff to unwelcomed sexual harassment based on her sex.

73. Defendant CMR, through its Owner Defendant Evert, subjected Plaintiff to *quid pro quo* harassment based on sex.

74. The frequency and severity of the harassment created an objectively and subjectively sexually hostile and abusive work environment.

75. Defendant CMR failed to exercise reasonable care to prevent and correct the harassing conduct and is, thus, liable for Defendant Evert's conduct.

76. Defendant's conduct violated Ohio's Anti-Discrimination Act, O.R.C. § 4112.02 et. seq.

77. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, economic and non-economic damages for which Defendant is liable, including, but not limited to, pain and suffering, emotional distress, and loss of past and future salary, wages, benefits, and other privileges and conditions of employment, and for past and future economic and non-economic compensatory damages, attorney's fees, expert fees, costs, interest, and any equitable relief this Court deems appropriate.

78. Defendant CMR intentionally, willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under Ohio's Anti-Discrimination Act.

## COUNT III
## DIRECT OR INDIRECT ACTS OF CRAIG EVERT IN VIOLATION OF O.R.C. § 4112(J)

79. The foregoing allegations are incorporated by reference as if fully rewritten herein.

80. Defendant Evert, Owner of CMR, is the perpetrator of the harassment and is directly and indirectly responsible for creating the hostile work environment to which Plaintiff was subjected.

81. Defendant Evert committed acts, directly and indirectly, declared by O.R.C. § 4112.02 to be unlawful discriminatory acts, including discrimination on the basis of sex.

82. Defendant Evert may be held liable pursuant to O.R.C. § 4112.02(J) for his discriminatory conduct.

83. As a direct and proximate result of Defendants conduct, Plaintiff has suffered, and will continue to suffer, economic and non-economic damages for which Defendants are liable, including, but not limited to pain and suffering, emotional distress, loss of professional reputation and the loss of past and future income, benefits, and other privileges and conditions of employment.

84. Defendant Evert intentionally, willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under Ohio Anti-Discrimination Act.

85. Evert is liable to Plaintiff for past and future economic and non-economic compensatory damages, punitive damages, attorneys' fees, expert fees, costs, interest, and any equitable relief that this Court deems appropriate.

## COUNT IV
## CONSTRUCTIVE DISCHARGE - CMR

86. The foregoing allegations are incorporated by reference as if fully rewritten herein.

87. Plaintiff was subjected to intolerable work conditions as a result of Defendants' unlawfully harassing conduct.

88. Defendants' conduct was intentional and created an environment, in which a reasonable person in Plaintiff's position would have had no choice but to resign employment.

89. It was foreseeable to Defendants that a reasonable, similarly situated person would have had no choice but to resign from employment.

90. There are aggravating factors in this matter, including, but not limited to, the fact that Defendant Evert is the Owner of CMR and that the Co-Owner of CMR and Plaintiff believed no one in the company had authority to prevent him from engaging in his unlawful conduct; the co-owner, who handled human resources, is Defendant Evert's wife; Defendant Evert was Plaintiff's direct supervisor; Defendant Evert isolated and emotionally manipulated Plaintiff; and, Defendant Evert had threatened Plaintiff if she ever disclosed his misconduct to authorities or others.

91. As a direct and proximate result of Defendants' conduct, Plaintiff was constructively discharged from her employment.

92. Defendants intentionally, willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e) and Ohio's Anti-Discrimination Act (O.R.C. Chapter 4112).

93. Defendants are liable to Plaintiff for past and future economic compensatory damages, back pay, front pay, punitive damages, attorneys' fees, costs, interest, and any other equitable relief that this Court deems appropriate for violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e) and Ohio's Anti-Discrimination Act.

## COUNT V
## ASSAULT AND BATTERY - DEFENDANT EVERT

94. The foregoing allegations are incorporated by reference as if fully rewritten herein.

95. Defendant Evert unlawfully touched Plaintiff with the intent of inflicting injury and/or creating the fear of injury.

96. Defendant Evert intentionally sexually assaulted Plaintiff, including on July 26, 2022, and August 3, 2022.

97. Defendant Evert repeatedly, and intentionally, fondled Plaintiff in the workplace.

98. Defendant Evert's conduct was harmful and/or offensive to Plaintiff.

99. Defendant Evert's conduct was intentional.

100. As a direct and proximate result of Defendant Evert's conduct, Plaintiff has suffered, and will continue to suffer, economic and non-economic damages for which Defendant is liable, including, but not limited to pain and suffering, emotional distress, loss of professional reputation, and the loss of past and future income, benefits, and other privileges and conditions of employment. punitive damages, attorneys' fees, expert fees, cost, interest, and any equitable relief that this Court deems appropriate.

WHEREFORE, Plaintiff demands judgment against Defendants, and prays for back pay, front pay, compensatory damages, punitive damages, liquidated damages, attorneys' fees, interest, and costs of this action in an amount in excess of seventy-five thousand dollars ($75,000), as well as any other relief which this Court deems appropriate.

Respectfully submitted,

*/s/ Natalie D. Davis*
Richard C. Haber (0046788)
Natalie D. Davis (0102476)
HABER LLP
30195 Chagrin Blvd., Suite 323
Pepper Pike, Ohio 44124
Phone: (216) 250-4782
Fax: (216) 250-4783
rhaber@haberllp.com
ndavis@haberllp.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

A trial by jury is hereby demanded.

                                                                                  */s/Natalie D. Davis*
                                                                                  Attorney for Plaintiff